UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

ANDREW ALLEN,                                )
                                             )
            Plaintiff,                       )
                                             )
v.                                           )    No.: 22-cv-3050-MMM
                                             )
WEXFORD HEALTHCARE COMPANY, *et al.*,        )
                                             )
            Defendants.                      )

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at Stateville Correctional Center, files a complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious dental needs at Jacksonville Correctional Center ("Jacksonville"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTS

Plaintiff states that four of his lower teeth were extracted at Jacksonville on October 31, 2021. Plaintiff was placed on a waiting list to be fitted for partials and then to have the partials ordered. Plaintiff states that he was in pain and had difficulty eating. He submitted eight requests for dental treatment on 9/3/2021, 10/31/2021, 11/7/2021, 12/15/2021, 12/31/2021, 1/13/2022,

1

2/4/2022, and 2/15/2022. Plaintiff alleges that he is being denied dental treatment, despite following the rules and procedures. He claims that Jacksonville does not have a dentist, hygienist, or dental assistant on staff.

## ANALYSIS

Deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment. *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 104 (1976)). "A plaintiff alleging deliberate indifference under the Eighth Amendment must show that he suffered from an objectively serious medical condition." *Whitney v. Khan*, 330 F.R.D. 172, 179 (N.D. Ill, 2019) (citing *Petties v.* Carter, 836 F.3d 722, 728 (7th Cir. 2016)). "Not all dental pain qualifies as objectively serious under this standard. Courts have generally found that dental pain is sufficiently serious only when it is accompanied by other harm, such as recession of the gums, tooth decay, or difficulty eating." *Whitney*, 330 F.R.D. at 179; *see also Alvarado v. Illinois Dep't of Corr.*, 14-CV-832-JPG, 2014 WL 3725336, at *3 (S.D. Ill. July 28, 2014) (plaintiff's complaint of pain and difficulty chewing due to failure to provide dentures stated a colorable claim at merit review).

Here, Plaintiff alleges that he experienced dental pain and had difficulty eating after four bottom teeth were extracted. As such, he has established an objectively serious medical condition. He was placed on a waiting list to be fitted for partials, submitted eight requests for dental treatment, and waited months for treatment because the facility did not have a dentist, hygienist, or dental assistant on staff. Plaintiff names Wexford Healthcare Company, the Office of Health Services, Dr. Thomas Baker, Director of Health Services Ashley Clements, and IDOC Director Rob Jeffreys as Defendants, but Plaintiff does not explain how Defendants were personally involved or liable. "To determine if a prison official acted with deliberate indifference, we look

into his or her subjective state of mind." *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016), *as amended* (Aug. 25, 2016) (internal citations omitted). The defendant must have actually known of and disregarded a substantial risk that the plaintiff would suffer harm. *Id*. "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Furthermore, Directors Clements and Jeffreys are not liable based solely on their supervisory roles. *See Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates."). If state prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendants Baker, Clements, and Jeffreys are DISMISSED, without prejudice, for failure to state a claim. Plaintiff will be given an opportunity to amend his complaint.

Plaintiff names the Office of Health Services and Wexford as Defendants, but these entities are not "persons" that can be sued for constitutional violations. *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001) (§ 1983 applies only to a "person" who acts under color of state law). Defendants are potentially liable only if a policy or practice caused a constitutional injury. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978); *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (to adequately plead *Monell* liability, allegations "must allow [the court] to draw the reasonable inference that the [defendant] established a policy or practice" which caused the injury). Plaintiff does not allege that he was denied dental treatment due to a specific policy. The Office of Health Services and Wexford are DISMISSED, without prejudice.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this Order in which to file an amended complaint. The pleading is to be captioned "Amended Complaint" and is to state all of Plaintiff's claims against all Defendants without reference to a prior pleading. Piecemeal amendments are not accepted. Failure to file a timely amended complaint will result in the dismissal of this case, without prejudice.

2) Plaintiff's motion for the Court to appoint pro bono counsel [5] is DENIED with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). If Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.

ENTERED:  June 6, 2022

                                                          s/ Michael M. Mihm
                                                          Michael M. Mihm
                                                          United States District Judge